## Stenger v. Hanover High School et al.

*T. F. Chrostwaite,* for plaintiff.
*Robert M. Laird,* for defendants.

NILES, P. J., April 19, 1937.—On May 4, 1936, T. F. Chrostwaite, Esq., attorney for plaintiff, Harry C. Stenger, filed in the prothonotary's office a præcipe and affidavit as to the value of certain musical instruments claimed by plaintiff, of the value of $800, "all now in the possession of the School District of the Borough of Hanover, its officers, agents and employes," and filed plaintiff's bond in replevin, signed by Harry C. Stenger and M. W. Naill, conditioned for the maintenance of plaintiff's title.

The sheriff, John Billet, made the following return upon the writ of replevin:

"May 5, 1936, served the within writ of replevin upon the defendant by handing to and leaving with L. B. Sheppard, president of the board of education of the School District of the Borough of Hanover, a true and attested copy of the same at the Hanover High School Building, Eichelberger and Stock Sts., in Hanover Borough, York County, Pa., on the 5th day of May, 1936, at 3.15 P. M. and informed him of the contents thereof.

"May 8, 1936, at 3 o'clock P. M., R. M. Laird, Attorney, posted with the sheriff sixteen hundred dollars ($1600.00) in cash, without any written instrument, as a counter bond, said sum being furnished by Hanover High School. The said goods listed in this writ of replevin were in the possession of the said district. The sheriff deposited the said cash in bank and the said goods were left in the possession of the said district, and said district is added as a party defendant. So answers, John Billet, Sheriff."

On December 1, 1936, affidavit of service was filed by W. B. Yantis "that he served a copy of the statement and notice to file an affidavit of defense upon the Hanover High School, the defendant above named, by giving a true and compared copy thereof to C. V. Erdly, superintendent of schools on the first day of December, A. D. 1936."

On January 11, 1937, Mr. Chrostwaite, attorney for plaintiff, filed a præcipe in the prothonotary's office, and

in accordance therewith the prothonotary entered judgment in favor of plaintiff and against the Hanover High School, defendant, by default for want of an affidavit of defense. The prothonotary's docket shows appearances as follows: T. F. Chrostwaite for plaintiff; Robert M. Laird for the School District of the Borough of Hanover.

On January 13, 1937, Robert M. Laird, Esq., filed an affidavit of defense entitled:

"Harry C. Stenger, trading as Stenger Music House House and Studio, vs. Hanover High School and the School District of the Borough of Hanover (added as defendant by sheriff) as the party in possession."

The affidavit of defense is made and sworn to by J. F. Rebert, as vice president of the Board of School Directors of the School District of the Borough of Hanover, averring:

"The defendant has a full, just, true, and legal defense to the whole of plaintiff's claim."

Paragraph 1 admits the averment in paragraph 1 of the declaration regarding the residence and business of plaintiff. Paragraph 2 admits that the Hanover High School is a high school established, equipped, furnished and maintained by the School District of the Borough of Hanover, but avers:

"That there does not now exist, nor has there at any time heretofore existed any natural or artificial person known as Hanover High School."

Paragraph 3 of the affidavit of defense admits the averments of paragraph 3 of the declaration, to the effect that the school district was added as a party defendant by the sheriff, who found it in possession of the musical instruments. Paragraph 4 admits the averments of paragraph 4 of the declaration, but "defendant denies that the claim of plaintiff is a valid claim, because of facts averred in paragraphs 6, 7 and 8 of the affidavit of defense." Paragraph 5 admits the averments of paragraph 5 of the declaration, to the effect that the instruments and title

thereto were delivered by the manufacturers to plaintiff within 30 days after the billing date. Paragraph 6 denies the averments of paragraph 6 of the declaration, and avers that the band instruments were purchased from plaintiff by the then student body of the Hanover High School upon the dates given. Paragraph 7 denies the title or possession of plaintiff averred in paragraph 7 of the declaration, and avers that all moneys owing to plaintiff as a result of the purchases referred to in paragraph 6 were paid to plaintiff in the manner specified, with receipts thereof acknowledged in writing by plaintiff in discharge of the purchase price of said instruments. Paragraph 8 of the affidavit of defense denies the averments of paragraph 8 of the declaration, and avers that said instruments have been purchased as averred in paragraphs 6 and 7 of the affidavit of defense, that they wrongfully and unlawfully came into the possession of plaintiff in a manner unknown to defendant on the night of May 29, 1934, prior to the termination of plaintiff's engagement as band director, and that the right of possession of said instruments was then and still is in defendant by virtue of the consent of the owners thereof. Paragraph 9 admits that the instruments were repossessed at the time and in the manner and under the circumstances set forth in paragraph 9 of plaintiff's declaration, but avers that said repossession was effected without breach of the peace and in the presence of plaintiff. Paragraph 10 denies the averments of paragraph 10 of the declaration that the instruments were wrongfully and unlawfully taken and detained to the advantage of plaintiff by reason thereof. Paragraph 11 denies the averments of paragraph 11 of the declaration that neither of defendants has, or ever did have, any right of ownership or right of possession to said instruments. Paragraph 12 of the affidavit of defense admits the allegations of paragraph 12 of the declaration to the effect that on May 5, 1936, upon the continued failure and refusal of defendant

to return said instruments, plaintiff caused to be issued a writ of replevin and filed his bond in which the value of said instruments is fixed at $800; that on May 8, 1936, after the return of the writ, the Sheriff of York County answered that cash was posted with him as a counterbond; that the goods listed were found in the possession of the School District of the Borough of Hanover; and that he added said district as a party defendant.

The declaration concludes:

"Wherefore plaintiff presents this action to establish title and right of possession of said instruments, to recover the value thereof, namely $800, damage for unlawful retention amounting to $150 and special damages by reason of the manner of taking $150."

On February 15, 1937, a petition presented by Robert M. Laird, Esq., as solicitor for the Board of Directors of the School District of the Borough of Hanover, representing that the board of directors are chief administrative officers of the school district, directs the attention of the court to an anomalous entry in the record, but does not admit any liability in the proceedings on the part of the school district, but reserves the right to present any and all defenses set out in the affidavit of defense filed on behalf of the school district at the trial. The petition of Mr. Laird represents that on January 11, 1937, judgment was entered against the Hanover High School, defendant above named, by the prothonotary for want of an affidavit of defense; that there does not now exist, nor has there existed at any time heretofore, any legal entity known as Hanover High School; that the statements of plaintiff's claim were insufficient to entitle plaintiff to judgment against Hanover High School for want of an affidavit of defense; that neither the statement nor a copy was ever served upon defendant Hanover High School, nor upon any representative legally competent to accept such service on behalf of said defendant. The prayer is for a rule on plaintiff to show cause why said judgment should not be stricken off.

On March 8, 1937, Mr. Chrostwaite filed plaintiff's answer to the rule granted February 15th denying the validity of the entire proceeding based on said petition, averring that, in addition to being solicitor, as stated in petitioner's paragraph 1, the said Robert M. Laird is attorney in this case for both defendants above named, denying the allegations in petitioner's paragraph 2, and averring that the board of directors is without power to authorize such petition; respondent further denies the right of said board of directors, or of petitioner, to evade, or by reservation to control the consequences of its or his acts. The allegations in petitioner's paragraph 5 are denied, and it is averred:

"That the records of this case show the following: May 8, 1936, at 3 o'clock, P. M., Robert M. Laird, attorney, posted with the sheriff $1,600 in cash without any written instrument as a counter bond, said sum being furnished by the Hanover High School. The said goods listed in this writ of replevin are in the possession of said district. The sheriff deposited the said cash in a bank, and the said goods were levied upon in the possession of said district, and said district is added as a party defendant. So answers: John Billet, Sheriff."

March 22, 1937, Mr. Chrostwaite, attorney for plaintiff, having entered a rule in the prothonotary's office on March 8, 1937, for judgment for want of sufficient affidavit of defense, set the case down for argument on April 12, 1937, and service was accepted by Mr. Laird, attorney for defendant, on March 18, 1937.

On April 12, 1937, an agreement of facts signed by Robert M. Laird, petitioner in the rule to strike off the judgment, and T. F. Chrostwaite, Esq., counsel for respondent, was filed.

It was agreed: (1) That the persons enrolled as students in the high school department of the School District of Hanover Borough did, from time to time, including the period during which the events at issue herein

occurred, engage in a variety of activities, including athletic, literary, and musical programs for the purpose (in addition to the beneficial results to the students themselves) of raising money with which to pay expenses, out of which they purchased various articles of personal property, including musical instruments; (2) that a fund was established at the Farmers Bank at Hanover, in which were deposited receipts from the activities aforesaid, and also the proceeds in notes discounted for the Hanover High School by said bank; (3) that out of the funds certain checks were issued from time to time to plaintiff by the treasurer of the fund, or her representative; (4) that among the various transactions aforesaid was a judgment note given to the said bank, dated September 23, 1930, for $700, discounted by the bank and therein deposited to the credit of Hanover High School, which note, after renewals, interest being paid out of said fund, was finally renewed on July 17, 1933, in the sum of $800, and interest paid to September 7, 1932, and thereafter was entered as a judgment by said bank, and the judgment subsequently assigned to H. C. Stenger; that said note, entered, to no. 633, January term, 1936, was signed, "Hanover High School, F. M. Haiston, Supt., H. C. Stenger, M. W. Naill"; (5) that C. V. Erdly is successor in office as superintendent of schools of the School District of the Borough of Hanover to the aforesaid F. M. Haiston; (6) that Robert M. Laird, petitioner, was solicitor for the board of directors of the said school district from 1933 to the present time, and is successor to Dixon H. Geiser, Esq., deceased; that the said Robert M. Laird did advise the board of directors and its superintendent of schools relative to the various matters connected with this proceeding; (7) that at the time of filing plaintiff's declaration counsel for plaintiff did hand to Robert M. Laird a copy, which was accepted by the said Robert M. Laird for the "School District of the Borough of Hanover"; and that then and there the said Robert M. Laird did decline

and refuse to accept service on behalf of "Hanover High School"; (8) that subparagraph A of paragraph 4 of the answer is correct.

### Discussion

The questions raised by the two rules in this case, and the record and admitted facts, are so entangled that they will be considered in one opinion.

Defendant school district was duly served, and filed its affidavit of defense admitting that the musical instruments, the subject of the replevin, were in its possession, and denying that plaintiff Stenger had valid title or right of possession thereto. It further stated that its title and right of possession is superior, and gives as reasons therefor that Stenger sold the instruments to a group denominated "Hanover High School"; that the Hanover High School paid the full consideration therefor to plaintiff; that the Hanover High School delivered the instruments to the school district, by which they are now held; that the right of possession is in defendant school district by virtue of the consent of the owners thereof, to wit, the Hanover High School. The affidavit of defense admits that on May 8, 1936, after the return of the writ, the Sheriff of York County answered that cash was posted with him as a counter-bond, and that the goods listed were found in the possession of the school district, as appears at large in the records of the proceedings in the sheriff's office and the office of the Prothonotary of York County.

By an agreement of facts it is admitted that Robert M. Laird, Esq., was solicitor of the school district, and that a copy of the declaration was served on him for the School District of Hanover Borough, he at the same time declining and refusing to accept service on behalf of Hanover High School. It is further admitted that the records of the case show the following: On May 8, 1936, at 3 o'clock, P. M., Robert M. Laird, attorney, posted with the sheriff $1,600 in cash, without any written instrument, as a counter-bond, said sum being furnished by the Hanover

High School; the goods listed in this writ of replevin were in the possession of said district; the sheriff deposited the said cash in a bank, and the goods were left in the possession of said district; and said district was added as a party defendant. So answers: John Billet, sheriff. On January 11, 1937, judgment was entered against Hanover High School for want of an affidavit of defense in favor of plaintiff. On February 15, 1937, Robert M. Laird, the solicitor of the school district, presented his petition upon which a rule was granted to show cause why the judgment against the Hanover High School should not be stricken off.

The first question which will be considered is on plaintiff's petition for judgment against the school district in favor of plaintiff for want of a sufficient affidavit of defense.

We are convinced that the provisions of the Act of April 21, 1858, P. L. 385, and its supplements do not require an affidavit of defense against a municipal corporation, such as defendant School District of the Borough of Hanover; and that the filing of the affidavit of defense by the school district in this case does not warrant the entry of judgment, if such affidavit of defense be determined not to allege a sufficient defense to the claim averred in plaintiff's declaration. Aside from this initial objection we are not convinced that the averments of the affidavit of defense, if sustained by proof, would not be sufficient to prevent judgment against the school district. The affidavit of defense seems to imply that plaintiff had lost his title because he had been paid the full price of the goods, and the group which is alleged to have paid plaintiff had transferred in some way its title to the school district.

We conclude, therefore, that the rule for judgment against the School District of the Borough of Hanover should be discharged.

The question of the right of the school district to intervene and ask that judgment against the Hanover High

School be stricken off presents some difficult considerations. Mr. Laird, who presents the petition as solicitor for the school district, was the same attorney who delivered to the sheriff $1,600 cash furnished by "Hanover High School in lieu of a counter-bond." He now asks that, although he delivered this $1,600 cash furnished by the Hanover High School without any written instrument as a counter-bond, there is no legal entity or group known as Hanover High School. It is not averred that the school district furnished the $1,600, nor even paid anything for the purchase of the instruments from plaintiff. It is not apparent, as this record now stands, that the school district has any standing or interest in the judgment against Hanover High School, or in the $1,600 of the money of the Hanover High School deposited by Mr. Laird in lieu of a counter-bond. Upon the theory advanced on behalf of the school district the judgment against Hanover High School cannot affect any rights of the school district. Ultimately the question of fact must be decided in an issue between plaintiff and the school district. If the district presents evidence to sustain its claim that plaintiff has not title for the musical instruments against anybody because he has been fully paid by somebody to whose title, however shadowy, the school district is successor, the judgment must go against plaintiff, and plaintiff can enforce nothing against the school district. Should this be established as between plaintiff and the school district, the right of plaintiff upon his judgment by default against the group which the solicitor for the school district contends has no legal existence, although he deposited with the sheriff $1,600 of their money, will be a matter for further consideration and decision.

All of these complicated questions may be best met by refusing the motion of plaintiff for judgment against the school district for want of a sufficient affidavit of defense, allowing that issue to come to a trial in due course, and refusing at this time the petition of the solicitor for

the school district that the judgment by default against the Hanover High School be stricken off.

And now, to wit, April 19, 1937, the rule entered upon the petition of plaintiff for judgment against the School District of the Borough of Hanover, added as defendant, is discharged, and the rule issued on petition of Robert M. Laird, solicitor for the School District of the Borough of Hanover, to show cause why the judgment entered against Hanover High School on January 11, 1937, should not be stricken off, is discharged.

Exceptions granted to all parties.